UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

—————————————

In re:

MICHAEL A. DAMMAN,                                           Case No. DK 09-03185
                                                            Hon. Scott W. Dales
                Debtor.
_____/

MICHAEL A. DAMMAN,

                Plaintiff,                                   Adversary Proceeding
                                                            No. 09-80420
v.

HSBC CARD SERVICES, INC.,

                Defendant.
_____/


**OPINION AND ORDER
REGARDING DEFAULT JUDGMENT MOTION**


          PRESENT:   HONORABLE SCOTT W. DALES
                     United States Bankruptcy Judge

        Chapter 11 debtor-in-possession Michael A. Damman ("Plaintiff") filed a Complaint against Defendant HSBC Card Services, Inc. ("Defendant"), seeking to avoid an alleged prepetition transfer in the amount of $14,817.39.  Plaintiff filed a proof of service of the summons and complaint (DN 3), but the Defendant has not filed an answer.  The Clerk entered the Defendant's default on the docket, Fed. R. Civ. P. 55(a), and the Plaintiff has filed his Application for Entry of Default Judgment (DN 6, the "Motion").  The court reviewed the Motion, and finds that it must deny it without prejudice.

First, although not material to the decision, the Plaintiff's jurisdictional allegations are incorrect. <u>See</u> Complaint at ¶2 ("this Court has jurisdiction over this Complaint pursuant to 11 USC §547"). The court derives its jurisdiction not from title 11 of the United States Code, but from title 28, usually 28 U.S.C. § 1334, but sometimes other sections. In addition, the court's rules require the Plaintiff to specify whether the proceeding is core or non-core. <u>See</u> Fed. R. Bankr. P. 7008(a); <u>see</u> <u>generally</u> 28 U.S.C. § 157. Although the jurisdictional basis and core nature of preference litigation is obvious, the jurisdictional nature of other bankruptcy litigation is not always so clear. As a matter of standard practice, counsel must consider the court's jurisdiction with each pleading, and make an appropriate jurisdictional allegation.

Second, the Plaintiff's proof of service shows that the Plaintiff effected service by mail addressed to "HSBC Card Services, Inc.," but not to the attention of "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." <u>See</u> Fed. R. Bankr. P. 7004(b)(3). Although insisting on strict compliance with the letter of the rule may seem hyper-technical, the court's personal jurisdiction over the Defendant depends upon strict, technical compliance. <u>Freedman v. Estate of Presser</u>, 929 F.2d 1151, 1156 (6th Cir. 1991) ("the requirement of proper service of process "is not some mindless technicality"). Anything less than perfect service deprives the court of the power to enter the judgment, and would in any event make the judgment vulnerable to later attack -- a consequence easily avoided. The Plaintiff need not personally name the officer or agent, but may direct the Summons and Complaint to the attention of the officer or agent "by reference to his or her position or title." <u>Mogila v Lowitz & Sons (In re Outboard Marine Corp.)</u>, 359 B.R. 893, 900 (Bankr. N.D. Ill. 2007).

Third, on the merits, the Complaint does not allege each of the elements of a right to relief under 11 U.S.C. §§ 547(b) and 550, but instead seems to assume that if the transfer occurred within 90 days before filing and exceeded the threshold prescribed in 11 U.S.C. § 547(b)(9), recovery is certain.  Of course, a plaintiff who asserts a cause of action under 11 U.S.C. § 547(b) must allege and prove, in addition to the timing of the transfer, that the transfer involved "an interest of the debtor in property," and was made to or for the benefit of a creditor, while the debtor was insolvent.  In addition, the Plaintiff must allege and prove that the transfer enabled the creditor to receive more as a result of the transfer than it would have received in a chapter 7 case, had the transfer not occurred.  The court might be able to infer some of these elements from the Plaintiff's Complaint as presently drafted, but given the nature of the Motion -- which depends upon the Defendant's failure to deny "well-pleaded" factual allegations -- the court will require the Plaintiff to offer well-pleaded allegations, not dependent upon inference, as a condition of obtaining a judgment from this court.  See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995) (citing Kelley v. Carr, 567 F. Supp. 831, 841 (W.D.Mich.1983)).  The Plaintiff may amend his Complaint.  See Fed. R. Civ. P. 15(a).

The court notes that it has recently denied the Plaintiff's default judgment motion in Damman v. Cabellas Club Visa, Adv. Pro. No. 09-80421, for reasons similar to those set forth in this opinion.  In order to supplement the reasons given for withholding judgment in the Cabellas Club Visa matter, the court will direct the Clerk to file a copy of this opinion in that case.

Finally, although the Plaintiff seeks a waiver of the filing fee to foster his "fresh start," the court declines to waive the fee because the Plaintiff is suing in his representative capacity, as debtor-in-possession.  The ultimate recovery, even if augmented by fee waiver, will not advance his fresh start, since the recovery and any savings will inure to the bankruptcy estate.  Under

these circumstances, the court's fee guidelines provide that "the fee should be paid by the estate, if there is an estate." <u>See</u> Bankruptcy Court Miscellaneous Fee Schedule (Appendix to 28 U.S.C. § 1930).

NOW, THEREFORE, IT IS HEREBY ORDERED that:

(1)    the Motion (DN 6) is DENIED WITHOUT PREJUDICE;

(2)    the Clerk shall enter a copy of this opinion in Adv. Pro. No. 09-80421; and

(3)    the Plaintiff's request to waive the filing fee is DENIED, but payment of the filing fee shall be deferred in accordance with the court's usual practice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kerry D. Hettinger, Esq., attorney for Plaintiff and upon Defendant, HSBC Card Services, Inc., at its address of record.

END OF ORDER

**IT IS SO ORDERED.**        Scott W. Dales
United States Bankruptcy Judge    **Dated: December 21, 2009**